UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUSUF DIXON,

                Plaintiff,

-against-

JOSEPH BIDEN; KAMALA HARRIS,

                Defendants.

23-CV-0748 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action, alleging that Defendants violated his rights. By order dated April 3, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff filed his original complaint in this case on January 26, 2023. (ECF No. 2.) Without direction from the Court, Plaintiff filed an amended complaint on January 31, 2023. (ECF No. 5.) Plaintiff used the court's amended complaint form for general complaints and did not indicate his basis for invoking federal court jurisdiction. In the section of the form that asks Plaintiff which of his federal constitutional or federal statutory rights have been violated, Plaintiff wrote,

> Defamation of character 28 U.S. 4101
> Conspiracy to murder 18 U.S. code } 1117
> 36 CFR }2.32 18 U.S.C. }371; 18 U.S. code
> Deprivation of rights under color of law

(*Id.* at 2.)[1]

In all the other sections of the form amended complaint, Plaintiff wrote, "See Reg. ComPlaint," which the Court interprets as a reference to Plaintiff's original complaint. The Court construes the original and amended complaints together as the operative pleading. In the original complaint, Plaintiff asserts that the events giving rise to his claims occurred "last 2020 Presidential Debate between Donald Trump and Joe Biden," and that the events occurred on "10/22/2023; and on going." (ECF No. 2 at 4.)

---

[1] The Court quotes the complaint verbatim. All spelling, punctuation, and grammar are as in the original.

2

>Plaintiff alleges
>
>Conspireing with Shoprite, Media to violate 36 CFR 2.32 (A) (1); (2); (3); (4); 36 CFR 2.32 (a)(1)(2) Multiple times weaponized Law Enforement, And Family Courts, and Criminal Courts After Multiple Incidence occur; Must see Date of court case and times of Press conferences. And have been kidnapping and jailed; The President, Vice President and all civil officer of the United States, shall be removed from office on Impeachment For, and conviction of, Treason, Bribery, or other high crimes and misdemenors.

(*Id.*)

In the section asking Plaintiff to describe his injuries, Plaintiff writes, "StaBBed, shot At, Jailed Not being Able to See my son . . . Setup on case, unable to see my son." (*Id.* at 5.) Plaintiff seeks "100 Tillion Dollar + All My GolD." (ECF No. 5 at 6.)

## DISCUSSION

**A.     Rule 8 of the Federal Rules of Civil Procedure**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Although Plaintiff's complaint is short, it is not plain, and it fails to show that he is entitled to relief. In fact, the Court cannot discern any claims that Plaintiff is attempting to assert. The Court therefore concludes that Plaintiff's allegations fail to state a claim because they do not allow a court "to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**B.     Immunity**

Even when Plaintiff's complaint is read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, his claims rise to the level of the irrational, and there is no legal theory on which he can rely, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

The President is absolutely immune from suit for damages "predicated on his official acts." *Nixon v. Fitzgerald*, 457 U.S., 749 (1982); *Int'l Siva Consciousness, et al. v. United States,*

3

*et al.*, ECF 1:92 Civ. 8188, 32, 1993 WL 322862, at *1 (S.D.N.Y. Aug. 18, 1993). The Court therefore dismisses Plaintiff's claims are foreclosed by absolute immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'") (quoting *Neitzke*, 490 U.S. at 327).

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived.[2] *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). Plaintiff's claims against the Vice President of the United States are therefore barred by the doctrine of sovereign immunity.

Moreover, Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

---

[2] The Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671-80 ("FTCA"), provides a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). The facts as alleged, however, do not suggest that the FTCA is implicated here.

4

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous and as foreclosed by absolute immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

## LITIGATION HISTORY

Since December 27, 2022, Plaintiff has filed eight other actions in this court. *See Dixon v. Wing,* ECF 1:23-CV-0749, 6 (S.D.N.Y. May 5, 2023 (dismissing complaint for failure to state a claim); *Dixon v. Stauma*, ECF 1:23-CV-0483, 6 (S.D.N.Y. Apr. 12, 2023) (dismissing complaint as frivolous and warning Plaintiff that further duplicative or frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions IFP without prior permission); *Dixon v. Guterres*, ECF 1:23-CV-0482, 6 (S.D.N.Y. Apr. 3 2023) (same); *Dixon v. Bakish*, ECF 1:23-CV-0480, 5 (S.D.N.Y. Mar. 22, 2023) (dismissing complaint as frivolous); *Dixon v. Wing*, ECF 1:23-CV-0227, 5 (S.D.N.Y. Jan. 11, 2023) (dismissing claims against individuals affiliated with Shoprite Supermarket's headquarters in New Jersey); *Dixon v. Biden*, ECF 1:23-CV-0226, 5 (S.D.N.Y. Jan. 13, 2023) (dismissing Plaintiff's claims against President Joe Biden, Vice President Kamala Harris, Department of Homeland Security Secretary Alejandro Mayorkas, and New York City Mayor Eric Adams); *Dixon v. Jenkins*, ECF 1:23-CV-0225, 5 (S.D.N.Y. filed Jan. 26, 2023) (dismissing some claims as frivolous, and dismissing claims regarding the alleged denial of shelter without prejudice to reasserting those claims in a new action); *Dixon v. Rymat*, ECF 1:22-CV-10910, 6 (S.D.N.Y. Apr. 11, 2023) (dismissing complaint as barred by the Younger abstention doctrine and the domestic relations abstention doctrine).

By order dated April 3, 2023, the Court warned Plaintiff that, pursuant to 28 U.S.C. § 1651, continued filing of duplicative or frivolous litigation in this Court will result in an order

barring him from filing new actions IFP without prior permission. *See Dixon*, ECF 1:23-CV-0482, 6.

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous and as foreclosed by absolute immunity under 28 U.S.C. § 1915(e)(2)(B)(i), (iii). Plaintiff remains warned that the continued filing of duplicative or frivolous litigation in this Court may result in an order barring him from filing new actions IFP without prior permission.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   June 12, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge